UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLINTON JOHN CUCCIA**                                              **CIVIL ACTION**

**VERSUS**                                                                     **NO: 22-00348**

**TANGIPAHOA PARISH**                                             **SECTION: "B"(4)**
**SHERIFF'S OFFICE, ET AL**

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.   Factual Summary**

The plaintiff, Clinton John Cuccia ("Cuccia"), filed this claim pro se and *informa pauperis* against the Tangipahoa Parish Sheriff's Office. Cuccia is currently incarcerated in the Tangipahoa Parish Jail in Amite, Louisiana.

Cuccia, a DOC inmate, alleges that on January 8, 2022, between 10:00 to 12:00 p.m., he was attacked in the day room of the dorm by two inmates. He alleges that he "was supposed to be moved more than a month before." *See* R. Doc. 4.

He alleges that on January 9, 2022, he was taken to the nurse where he was informed that he suffered a fracture of the nose. A few days later, x-rays were taken. He contends that the entire incident was captured on security camera footage.

## II.      **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an undisputedly meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an undisputedly meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Tangipahoa Parish Sheriff's Office

Cuccia names the Tangipahoa Parish Sheriff's Department as a party. The Court must therefore determine whether Cuccia's claim can proceed under § 1983 against the named defendant.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Tangipahoa Parish Sheriff's Department has the capacity to sue or be sued.[1] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

In Louisiana, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Tangipahoa Parish Sheriff's Office is not a juridical person capable of being sued under § 1983.

### IV.   Recommendation

It is therefore **RECOMMENDED** that the claims of Clinton John Cuccia brought pursuant to Title 42 U.S.C. § 1983 against the defendant, Tangipahoa Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2), § 1915A and Title 42 U.S.C. § 1997e.

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___19th___ day of ___October___, 2022.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE